**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4357

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL ALEXANDER,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge.
(CR-02-430)

Submitted:  February 2, 2004        Decided:  February 17, 2004

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant
Federal Public Defender, Martin G. Bahl, Staff Attorney, OFFICE OF
THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant.
Thomas M. DiBiagio, United States Attorney, Bryan E. Foreman,
Assistant  United  States  Attorney,  Greenbelt,  Maryland,  for
Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Michael Alexander was convicted by a jury of one count of possession with intent to distribute crack cocaine and one count of possession with intent to distribute marijuana, and was sentenced to seventy months imprisonment. He appeals, claiming that the district court erred in admitting expert testimony from a law enforcement official that included an opinion as to Alexander's intent, allegedly in violation of Fed. R. Evid. 704(b). Because he failed to object at trial, we review this claim only for plain error. Fed. R. Crim. P. 52(b). To establish plain error, Alexander must show: (1) there was an error; (2) the error was plain or clear under current law; (3) the error affected substantial rights so as to prejudice him; and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. United States v. Olano, 507 U.S. 725, 731-32 (1993). We find that there was no error.

An expert witness may testify about an established practice among drug dealers, provided that he does not speak directly to the guilt or innocence of the accused. See United States v. Conyers, 118 F.3d 755, 758 (D.C. Cir. 1997). We find that the officer's testimony here did not offer an opinion as to Alexander's intent. He testified only that the evidence presented (quantity, packaging, and a digital scale) was inconsistent with personal use. Accordingly, we find no error in the district

court's admission of the expert's testimony.  <u>See</u> <u>United States v. Gastiaburo</u>, 16 F.3d 582, 587-88 (4th Cir. 1994) (holding that admission of expert testimony that twenty-one "hits" of crack cocaine were "certainly possessed with the intent to distribute" was not plain error).  Nor do we find that the expert's testimony was unduly prejudicial under Fed. R. Evid. 403.

Accordingly, we affirm Alexander's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>